William CRAIG, John Toolon, and Joan B. Weber, Plaintiffs-Appellants,

v.

REFCO, INC., Oppenheimer Rouse Futures, Inc., Gelderman, Inc., Merrill Lynch Futures, Inc., and Clayton Brokerage Company of St. Louis, Defendants-Appellees.

No. 86–1448.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 1987.

Decided April 15, 1987.

Rehearing and Rehearing En Banc Denied May 15, 1987.

Marshall Patner, Chicago, Ill., for plaintiffs-appellants.

Susan R. Lichtenstein, Schiff, Hardin & Waite, Chicago, Ill., for defendants-appellees.

Before CUMMINGS and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

Investors in commodities futures contracts must keep "margin" funds on deposit with their broker, under regulations promulgated by the Commodities Futures Trading Commission pursuant to the Commodity Exchange Act. The margin serves as a partial guarantee that the investor will meet his obligations under the futures contract. Commission regulations permit the broker to invest the margin funds in certain low-risk securities. Commission regulation 1.29, 17 C.F.R. § 1.29 (1985), permits the broker to keep the interest earned. Craig sued under the Act, 7 U.S.C. § 6d, and under RICO, 18 U.S.C. § 1961 et seq., to challenge the validity of regulation 1.29, arguing that the statutory scheme requires the interest to go to the investor. His case was consolidated with two substantially similar cases. The district court dismissed his complaint for failure to state a claim and Craig appeals. Judge Moran's opinion contains a clear exposition and analysis of the case and demonstrates that the regulation is consistent with the Act. We adopt that opinion here. See, 624 F.Supp. 944.

We will stress one thing. The regulation permits brokers to retain the interest; it does not require them so to do. The contract between Craig and his broker provided that if the broker invested margin funds that Craig deposited, the broker could keep the interest. The parties could have agreed that any such interest would go to Craig. People with sufficient financial savvy to invest in such speculative things as commodities futures should be able to understand such contractual provisions and, if they do not like them, negotiate something different. There is no question here of fraud, of overreaching, or even of a lack of information upon which to make a decision. Just as the Act permits investors to choose the trades they make, it permits them to arrange their relationship with their brokers in this way.

AFFIRMED.